## SUPREME COURT.

### DORR et al., agst. NOXON.

If it appears, on examination of witnesses on a proceeding supplementary to an execution, under the first branch of § 292 of the Code, that a third person, not a party to the proceeding, is in possession of property liable to an execution belonging to the judgment debtor, and is colluding with the debtor to enable him to defraud his creditors, the proper remedy of the judgment creditor is to levy on the goods and sell them under his execution; or to institute an action, in the nature of a creditor's bill, against the judgment debtor and his fraudulent assignee.

If a receiver can be appointed, in such case, he can only be appointed on notice to the judgment debtor. (*See Corning agt. Tooker, ante page.*)

A referee appointed to report the *facts*, is not at liberty to report the *evidence* at large.

*At Chambers—Saratoga Springs, May*, 1850.

WILLARD, Justice.—On the third October 1848, the plaintiffs obtained a judgment in this Court against the defendant for $223·30, which was docketed in this county; and an execution was issued on said judgment to the sheriff of this county, where the defendant resides, and was returned *nulla bona* in February last. The plaintiffs thereupon applied to me, under the first branch of § 292 of the Code, for an order requiring the defendant to appear and answer, concerning his property, before a referee appointed for that purpose, and which referee was required to report the facts. The referee took the examination of several witnesses as to the affairs of the judgment debtor, and has reported the evidence at large. He did not examine the defendant at all. The return of the referee has been submitted to me without argument. I do not know for what order the plaintiffs intend to apply.

As the referee has not complied with the order under which he was appointed, and has reported the *evidence* instead of the *facts*, I might well decline to examine the matter further, and refer it back to him to complete his report. But I am inclined to think a few remarks may save the trouble and expense of a further

reference.   The testimony tends to show that Noxon, the judgment debtor, is in truth the owner of the store of goods in his possession; and that Ogden, who claims to be the owner, has colluded with him for the purpose of defrauding the creditors of Noxon.   If that be so, the plaintiffs should either direct the sheriff, after indemnifying him, to levy upon and sell the goods on the execution against Noxon; or they should commence a suit, in the nature of a creditor's bill, against Noxon and Ogden.   Ogden is not a party to this proceeding.

It is possible a receiver might be appointed under §§ 298, 244. But this can not be done except upon notice to the defendant, who has a right to be heard on the question (Kemp v. Harding, 4 *H. Pr. Rep.* 178).

I will decline making any order at present, but without prejudice to the plaintiffs' rights.